PER CURIAM.
This is an appeal by the state from the trial court’s suppression of evidence. We affirm.
*405 In Johnson v. State, 438 So.2d 774 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), the court said:
A ruling on a motion to suppress is presumptively correct, and a reviewing court should interpret the evidence and reasonable inferences and deductions drawn from the evidence in a manner most favorable to sustaining the trial court ruling. McNamara v. State, 357 So.2d 410 (Fla.1978).
Id. at 776.
Here, the trial court’s order is fifteen pages in length, containing forty-three paragraphs of findings of fact and another eight paragraphs of findings of fact and law. Some of the latter key paragraphs are as follows:
e. This Court finds that even though DeAngelis dropped Burns off at the Embassy Suites, parked his vehicle with a view of the Mercedes, drove out of the parking lot and reparked, met with Burns for approximately ten seconds, where he received Burns’ walkie talkie, those facts without more did not give the officers probable cause to arrest DeAn-gelis. This Court further finds that DeAngelis at no time responded when Burns used the walkie talkie, diminishing the belief he was performing counter-surveillance. DeAngelis drove out of the parking lot, further diminishing the probability he was acting as counter-surveillance; DeAngelis did not have the cocaine in the BMW; DeAngelis’ ten second conversation with Burns was not overheard and his receipt of the walkie talkie adds nothing to any suspicion of the officers other than that he associated with a drug trafficker. His entry into the hotel, 2-3 minutes after Burns and his use of the bathroom further diminishes the counter-surveillance theory.
f. This Court concludes that DeAn-gelis’ presence in the Embassy Suites and Carlos and Pepe’s parking lot and his conversation with Burns manifest an association and nothing more. These acts the Court finds are as consistent with innocence as with the requisite probable cause underpinning that he was committing, had committed or was about to commit a felony.
g. This Court finds that the officers at best, had merely an articulate suspicion of DeAngelis’ involvement at the time he was arrested. This Court finds that the officers had a right to make a citizen’s encounter of DeAngelis pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967), but did not have probable cause to arrest him at the moment he was taken into custody.
h. This Court finds that as a result of the unlawful arrest, the subsequent search and seizure of the BMW automobile was improper and unlawful; and that the items seized therefrom which DeAngelis sought to suppress are ordered suppressed from use in any wise at the trial of the within cause.
It is our view that a reversal would amount to substituting our judgment for that of the trial court, contrary to the foregoing principles in Johnson.
In addition, we note that the appel-lee was arrested in the hotel lobby; hence, the search of the car could not be justified as a search incidental to arrest, even if the arrest was valid. Cf. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh’g denied, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120 (1971). Similarly, we reject the only other state contentions that the search was valid under the plain view doctrine, or that exigent circumstances existed justifying a search without a warrant. See Coolidge.
ANSTEAD and GLICKSTEIN, JJ., concur.
GARRETT, J., dissents with opinion.